JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:  (510) 637-3724
   E-Mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00728 CW |
|     Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT MARTIN ZAMBRANO |
| v. ) | |
| MARTIN ZAMBRANO, ) | Hearing Date:  August 13, 2008 |
|     Defendant, ) | Hearing Time:  2:00 p.m. |

**I.**

**INTRODUCTION**

On April 30, 2008, defendant Martin Zambrano ("defendant") pleaded guilty pursuant to a plea agreement to count one of the indictment which charged him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(viii). The Court ordered the United States Probation Office (USPO) to prepare a presentence report (PSR). A hearing for imposition of judgment and sentencing is currently scheduled for August 13, 2008.

In the plea agreement, defendant agreed to plead guilty to count one and the government agreed to dismiss count two. In addition, the parties have both agreed to recommend that the

Court sentence defendant to a term of imprisonment at the low-end of the applicable guidelines range, in this case, 37 months imprisonment, four years of supervised release (with conditions to be fixed by the Court), no fine, a $100 special assessment and no restitution.

Both the plea agreement and the PSR correctly calculate the adjusted applicable United States Sentencing Guideline (U.S.S.G.) offense level as 21. The government agrees with the USPO that the PSR correctly calculates defendant's criminal history category as I. The applicable guideline range is 37-46 months imprisonment. The mandatory minimum sentence is 60 months imprisonment, but the government submits that defendant has satisfied all of the requirements for safety valve relief set forth in 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. §§ 5C1.2(a)(1)-(5).

For the reasons set forth below, the government respectfully requests that this Court sentence defendant to the low-end of the applicable guidelines range in this case, namely, 37 months imprisonment, four years supervised release, and a $100 special assessment. This 37-month sentence is consistent with both the sentencing guidelines and the sentencing factors that the Court must consider pursuant to 18 U.S.C. § 3553(a).

## II.
## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 26 | U.S.S.G. § 2D1.1(c)(7) (15.1 grams of actual meth.) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| | – 2 | U.S.S.G. §§ 2D1.1(b)(11), 5C1.2(a)(1)-(5) (safety valve) |
| **Total** | **21** | |

## III.

## DISCUSSION OF GUIDELINES CALCULATIONS

### A.   U.S.S.G. § 2D1.1(c)(7) (Base Offense Level)

Defendant admitted in the factual basis of the plea agreement (paragraph 2) that on or about September 20, 2007, he conspired with another individual to distribute, and did in fact distribute, 15.1 grams of actual methamphetamine to another individual in exchange for cash. Based on the quantity of actual methamphetamine defendant conspired to distribute, the parties and the USPO are in agreement that defendant's base offense level is 26.  (PSR ¶ 14).

### B.   U.S.S.G. § 3E1.1 (Acceptance of Responsibility)

The government respectfully recommends that defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b).  To qualify for this third point, defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  U.S.S.G. § 3E1.1(b).  Because defendant pleaded guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well.

### C.   U.S.S.G. §§ 2D1.1(b)(11), 5C1.2(a)(1)-(5) (Safety Valve)

The government respectfully recommends that defendant be granted a two-point reduction in offense level under U.S.S.G. §§ 5C1.2(a)(1)-(5) because he has satisfied all five of the requirements for safety valve relief.  (PSR ¶ 15).   This results in an ultimate offense level of 21.  The resulting guideline range, given defendant's criminal history category of I, is 37-46 months imprisonment.

## IV.

## STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. The sentence recommended by the government achieves all of these sentencing goals. Accordingly, a sentence of 37 months imprisonment, four years supervised release, and a $100 special assessment is therefore reasonable and appropriate.

## V.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court determine – consistent with the parties' plea agreement and the calculations of the USPO – that defendant's ultimate guideline offense level is 21 and his criminal history category is I. The government further respectfully requests that, taking into consideration the advisory guideline range of 37-46 months and the sentencing factors set forth in section 3553(a), the Court sentence defendant to 37 months imprisonment, impose a four-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: August 6, 2008                                   Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


                                                                     /s/
                                                        GARTH HIRE
                                                        Assistant United States Attorney